HON. EDWARD S. CORNER Town Attorney, Deerpark
This is in response to your recent letter to our office wherein you request our opinion as to whether or not the town building inspector is empowered to serve a summons or appearance ticket for a criminal violation of a local law of the town.
CPL, § 1.20(26), defines an appearance ticket in part as a written notice "issued by a public servant", and refers to the lengthier definition found in CPL, § 150.10:
"§ 150.10 Appearance ticket; definition, form and content
 "An appearance ticket is a written notice issued and subscribed by a police officer or other public servant authorized by law to issue the same, directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense. A notice conforming to such definition constitutes an appearance ticket regardless of whether it is referred to in some other provision of law as a summons or by any other name or title."
A town building inspector is not among those persons designated "peace officer" by CPL, § 1.20(33), nor among those designated as "police officer" by CPL, § 1.20(34). Therefore, the only instance in which he might be able to issue an appearance ticket is provided for in CPL, § 150.20(3):
 "3. A public servant other than a police officer, who is specially authorized by law to issue and serve appearance tickets with respect to designated offenses of less than felony grade, may in such case issue and serve upon a person an appearance ticket when he has reasonable cause to believe that such person has committed a misdemeanor, or has committed a petty offense in his presence."
We can find no statutory provision of law that authorizes a town building inspector to issue an appearance ticket for a violation of a local law. We held in 1973 Atty. Gen. [Inf.] 89, that by local law a town could not authorize service of appearance tickets by town constables where there was no statutory law providing for the same. The same reasoning applies herein that the Legislature in employing the phrase "or other public servant authorized by law" in CPL, § 150.10, contemplated authorization by the statutory law of the State; and, a local law purporting to authorize town building inspectors to issue appearance tickets would constitute an invalid attempt to amend a general law of the State (New York Constitution, Article IX, § 2[c]).
We held in 1972 Atty. Gen. [Inf.] 108, that a town dog warden may not serve a summons in a criminal proceeding. The basis for the holding was that to allow the dog warden to serve a summons in a criminal action would be to extend his authority to that of a police officer, who is specifically authorized by CPL, § 130.40(1), to issue a criminal summons. A town building inspector is not specifically authorized to issue a criminal summons.
Accordingly, we conclude that a town building inspector is not authorized by the statutory law of the State to issue an appearance ticket; and, the town building inspector may not serve a summons in a criminal proceeding.